## ROSEN et al. v. TERRY.

(Court of Appeals of District of Columbia. Submitted November 13, 1922. Decided January 2, 1923.)

### No. 1506.

1. **Patents ⊜⊃91(1)—Application after issuance of patent to another requires applicant to prove case beyond reasonable doubt.**

   An applicant, whose application was not filed until after the issuance of a patent covering the invention to others, has the burden of establishing beyond a reasonable doubt his right to the invention.

2. **Patents ⊜⊃113(7)—Junior applicant held originator of invention in interference.**

   In interference proceedings between patentees and a junior applicant, where the question involved was one of originality, the decision, concurred in by the three Office tribunals, that the junior applicant had established beyond reasonable doubt that patentees had no part in the invention of the matter in issue, *held* correct.

Appeal from the Commissioner of Patents.

Interference proceedings between Maurice R. Rosen and another and Samuel L. Terry. From a decision of the Patent Office awarding priority to Terry, Rosen and another appeal. Affirmed.

George L. Wilkinson and Henry M. Huxley, both of Chicago, Ill., for appellants.

R. O. Hinkle, of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. [1] An interference was declared between the application of Samuel L. Terry and a patent granted to Rosen and Fischel. The patent issued before the application was filed, and therefore the burden of establishing his case beyond a reasonable doubt rests on Terry. The patent involved relates to a locking mechanism for an automobile, and is expressed in two counts. We give count 1:

The combination of a steering shaft having its upper end provided with a reduced extension and a projecting threaded stud, a journal collar mounted on said reduced extension and provided with a bolt socket and with a circumferential groove, a nut securing said journal collar to said shaft, a steering wheel having a spider provided with a hub mounted on said journal collar and protecting said nut, a pin in said hub engaging said circumferential groove, and a lock mounted in said spider and equipped with a bolt adapted to engage said socket.

[2] The question involved is one of originality, which depends for its solution upon matters of fact. Each of the three tribunals of the Patent Office made a careful analysis of the testimony. According to the Examiner of Interferences, Terry "established his right to the invention beyond any reasonable doubt." The Examiners in Chief said "that there is absolutely no corroboration of the contention of Rosen and Fischel that they had any part in the invention of the matter in issue," and the Commissioner concurred in this view. Our study of the record convinces us that these conclusions are correct, and therefore the action of the Commissioner is affirmed.

Affirmed.